UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:12-CV-00850

DERBY CITY CAPITAL, LLC, *et al.*                                Plaintiffs

v.

TRINITY HR SERVICES, *et al.*                                    Defendants

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon the United States' motion, on behalf of its agency the Securities and Exchange Commission (SEC), to dismiss the complaint of Plaintiffs Derby City Capital, LLC, and Derby Capital JOB, LLC, as to the SEC. (Docket No. 30.)  Plaintiffs have responded, (Docket No. 34), and the United States has replied, (Docket No. 38).  This matter is now ripe for adjudication.  For the reasons that follow, the United States' Motion to Dismiss, (Docket No. 30), will be GRANTED.

BACKGROUND

Plaintiffs initially filed his action on December 21, 2012, (*see* Docket No. 1), and thereafter filed an Amended Complaint on February 12, 2012, (*see* Docket No. 26). Among the dozen named Defendants in Plaintiffs' Amended Complaint is the SEC. Plaintiffs lay out the role of the SEC in paragraph 12 of their Amended Complaint and in the subparagraphs that follow state:

> a. The Plaintiffs have included the SEC as a 'nominal party' in this case for the purposes of enabling this federal agency to be properly, promptly and formally advised regarding its enforcement responsibilities as set forth by the facts, hereinafter.

Page 1 of 5

    b. The Plaintiffs deem this inclusion as important and necessary in order for the SEC to be fully aware of the nefarious activities that have taken place during the operative events that are the subject of this First Amended and Verified Complaint and have been orchestrated by the various Defendants during the series of transactions hereinafter set forth.

(Docket No. 26, at 14.) The SEC is not otherwise mentioned in Plaintiffs' Amended Complaint, either in the numbered counts or in the prayer for relief. (*See* Docket No. 26, at 46-66.) The United States now moves, pursuant to Fed. R. Civ. P. 12(b)(1), to dismiss Plaintiffs' complaint as to the SEC for lack of subject-matter jurisdiction.

STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides that a party may file a motion to dismiss for lack of subject-matter jurisdiction. "Subject matter jurisdiction is always a threshold determination," *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)), and "may be raised at any stage in the proceedings," *Shultz v. Gen. R.V. Ctr.*, 512 F.3d 754, 756 (6th Cir. 2008). Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff bears the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citing *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)); *see also DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Bauer v. RBX Indus. Inc.*, 368 F.3d 569 (6th Cir. 2004).

DISCUSSION

The United States argues that the Court lacks subject matter jurisdiction to entertain Plaintiffs' complaint relative to the SEC because the United States and, by the extension, the SEC are immune from suit under the doctrine of sovereign immunity.[1] (Docket No. 30-1, at 2-3.) The Court agrees.

Generally, the United States is immune from suit unless it consents to be sued, "and the terms of its consent to be sued in any court define that court's jurisdiction to entertain suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The Sixth Circuit, in the context of sovereign immunity, holds to a narrow view of consent: "The United States can be sued only when it has expressly given its consent to be sued. The waiver must be express, clear and unequivocal. Further, the language of any waiver of sovereign immunity is strictly construed in favor of the United States." *Reed v. Reno*, 146 F.3d 392, 398 (6th Cir. 1998) (internal quotation marks and citations omitted). Absent such a waiver, the sovereign immunity enjoyed by the United States extends to agencies of the federal government—such as the SEC—and thereby shields those agencies from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993). As with the burden of establishing subject-matter jurisdiction, it is a plaintiff's burden to: "identify a waiver of sovereign immunity in order to proceed against the

---

[1] The United States further contends that "[t]he SEC was not served with a copy of the amended complaint" as required by Fed. R. Civ. P. 4(i). (Docket No. 30-1, at 1.) To this end, the United States urges that this action should be dismissed under Rule 4(m) because "more than 120 days have passed since the filing of this action [and] it is clear from plaintiffs' response that they have no intention of effecting proper service under the Rule." (Docket No. 38, at 4.) Because the Court finds the issue of subject-matter jurisdiction dispositive, it need not address further the United States' position in this regard.

United States. If [it] cannot identify a waiver, the claim must be dismissed on jurisdictional grounds." *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000) (citing *Dalehite v. United States*, 346 U.S. 15, 30 (1953)).

Plaintiffs state in their Response that "Plaintiffs believe that the SEC has a <u>mandatory</u> and <u>statutory duty to be a party to litigation (public or **private**) where there is a Verified Complaint attesting to violations of the federal statutes the S.E.C. is mandated to enforce</u>." (Docket No. 34, at 6 (emphases in original).) Plaintiffs, however, cite no authority for this proposition. Moreover, despite surveying an assortment of topics, Plaintiffs' Response in no way addresses the United States' challenge to subject-matter jurisdiction. Plaintiffs make no argument whatsoever relative to any waiver of sovereign immunity and, thus, make no argument why this Court may exercise subject-matter jurisdiction over the SEC.[2] Accordingly, Plaintiffs have not met their burden of identifying a waiver of sovereign immunity, *see Reetz*, 224 F.3d at 795, and therefore have not met their burden of proving jurisdiction in order to survive the United States' Rule 12(b)(1) motion, *see Moir*, 895 F.2d at 269. For these reasons, the Court finds that it lacks subject-matter jurisdiction over the SEC and that Plaintiffs' complaint as to the SEC must be dismissed.

---

[2] In fact, neither the terms "waiver" nor "subject-matter jurisdiction" nor "immunity" appear anywhere in Plaintiffs' Response. (*See* Docket No. 34.)

CONCLUSION

Having considered the parties' respective arguments, and being otherwise sufficiently advised, for the reasons set forth above;

IT IS HEREBY ORDERED that the United States' Motion to Dismiss, (Docket No. 30), is GRANTED, and Plaintiffs' complaint is DISMISSED with prejudice as to the SEC.

IT IS SO ORDERED.

Date:


cc:     Counsel
        AUSA