UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:12-CV-00850

DERBY CITY CAPITAL, LLC, *et al.*                           Plaintiffs

v.

TRINITY HR SERVICES, *et al.*                               Defendants

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant General Employment Enterprises, Inc.'s (GEE) Motion to Dismiss.  (Docket No. 29.) Plaintiffs Derby City Capital, LLC, and Derby Capital JOB, LLC, have responded, (Docket No. 33), and GEE has replied, (Docket No. 35).  This matter is now ripe for adjudication.  For the reasons that follow, GEE's Motion to Dismiss, (Docket No. 29), will be GRANTED.

BACKGROUND

Plaintiffs initially filed his action on December 21, 2012, (*see* Docket No. 1), and thereafter filed an Amended Complaint on February 12, 2012, (*see* Docket No. 26). Among the Defendants named in Plaintiffs' Amended Complaint is GEE.  Plaintiffs state in paragraph 11 of their Amended Complaint that "GEE is included as an active party Defendant in this action by virtue of Fed. R. Civ. P. 19(a)(1)," which provides for joinder of a party in whose absence the Court cannot accord complete relief.  (Docket No. 26, at 13.)  In Count X, Plaintiffs lay out a single cause of action against GEE: common law negligence.  GEE now moves, pursuant to Fed. R. Civ. P. 12(b)(6), to

dismiss Plaintiffs' negligence claim against it on the basis that "GEE never owed any legal duty whatsoever to Plaintiffs."  (Docket No. 29, at 1.)

STANDARD

The Federal Rules of Civil Procedure require that pleadings, including complaints, contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint may be attacked for failure "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When considering a Rule 12(b)(6) motion to dismiss, the court will presume that all the factual allegations in the complaint are true and will draw all reasonable inferences in favor of the nonmoving party.  *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)).  "The court need not, however, accept unwarranted factual inferences."  *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  Instead, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* (citations omitted).  A complaint should contain enough facts "to state a claim to relief that is plausible on its face."  *Id.* at 570.  A claim becomes plausible "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). If, from the well-pleaded facts, the court cannot "infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

## DISCUSSION

GEE argues that because Plaintiffs' sole claim against it is based on common law negligence, Plaintiffs have failed to state a plausible claim for relief because GEE never owed any legal duty to Plaintiffs. To succeed on a negligence claim, a plaintiff must prove (1) that the defendant owed the plaintiff a duty, (2) a breach of that duty, and (3) that the breach caused the plaintiff's injury. *Dickens v. Oxy Vinyls, LP*, 631 F. Supp. 2d 859, 866 (W.D. Ky. 2009) (citing *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88 (Ky. 2003)). The failure to establish any of these elements is fatal to the plaintiff's claim. *See M & T Chems., Inc. v. Westrick*, 525 S.W.2d 740, 741 (Ky. 1974). "If no duty is owed by the defendant to the plaintiff, there can be no breach thereof, and therefore no actionable negligence." *Ashcroft v. Peoples Liberty Bank & Trust Co.*, 724 S.W.2d 228, 229 (Ky. Ct. App. 1986). "Duty, the first element, presents a question of law." *Pathways*, 113 S.W.3d at 89. According to GEE, "Plaintiffs have failed to plead (much less adequately plead) that GEE owed any duty to Plaintiffs . . . because, in fact, GEE owes no duty to Plaintiffs." (Docket No. 29-1, at 4-5.) The Court agrees.

Plaintiffs summarily contest GEE's challenge that GEE did not owe any duty to them, stating:

> The Plaintiffs' Response Memorandum to the GEE Motion to Dismiss is dedicated to the proposition that there are, in fact, a series of duties owed by GEE's management and directors to the Plaintiffs and that the Plaintiffs' 68-page Verified Complaint contains multiple factual allegations supporting reasonable inferences that an unknown (at present) set of GEE officials and directors have breached their duties to the Plaintiffs' [sic] as well as the shareholders of GEE for their failure to properly manage the affairs of GEE - in the face of a civil conspiracy to take control of the company by a group of people who, along with their 'godfather,' have been involved in a nationwide white-collar corporate pillaging spree for more than a decade.

(Docket No. 33, at 2.)  But despite going on to discuss a variety of topics across their 28-page Response, Plaintiffs present little more than an expansive narrative of GEE's alleged internal shortcomings.   The closest Plaintiffs come to establishing a duty on the part of GEE is to argue that GEE owed them certain duties as "beneficial shareholders" of GEE stock.[1]  Yet Plaintiffs cite no statutory or common law authority to support their contention that GEE owes them any duties as a "beneficial shareholder."  Instead, Plaintiffs seem to imply that they were "beneficial shareholders" because they owned part of a Limited Liability Company (LLC) that, in turn, did own GEE common stock. But as GEE points out, members of an LLC do not enjoy ownership rights in property owned by the LLC—rather, that property is owned by LLC as an entity unto itself.  *See* Ky. Rev. Stat. § 275.240(1) ("Property transferred to or otherwise acquired by a limited liability company shall be the property of the limited liability company and not the

---

[1] The Court notes that Plaintiffs do not plead in their Amended Complaint that they ever held the status of "shareholder" of GEE common stock.  (*See* Docket No. 26.)

members individually.").  That Plaintiffs may have been part owner of an LLC that itself owned GEE stock does not equate to Plaintiffs owning GEE stock.  As such, the Plaintiffs have failed to plead that GEE owed them any legal duty—an essential element of their negligence claim—and, thus, have failed to state a plausible claim for relief.[2]

Moreover, Plaintiffs appear to concede that GEE was named as a defendant only for the purpose of facilitating discovery:

> The Plaintiffs' Verified Complaint alleges corporate negligence in Count X and did not specifically plead a shareholder's derivative action via Fed. R. Civ. Proc. 23.1  There is a reason for that.
> . . . [B]ecause of the inability to conduct discovery prior to filing of a Complaint, which discovery would have resulted in a precise determination as to what happened and WHICH directors and/or WHICH corporate officers were negligent, the Plaintiffs deemed it appropriate to assert blame on EVERY director and EVERY officer, because it believed (from their subsequent conduct after October 1, 2012), that some of the directors and officials were *likely to be not at fault.*
>
> It is the Plaintiffs['] belief that GEE has endured enough harm . . . . It is not the intention of the Plaintiffs' [sic] to further cause damage to GEE.  It's [sic] intention is to ferret out the civil conspirators and the aiders and abettors of that conspiracy, which has permitted the purloining of the Plaintiffs' controlling interest in GEE's common stock -- and who have wreaked this most recent havoc upon an upstanding 100 year old company.

---

[2] Plaintiffs also seem to imply in Count X of their Amended Complaint that GEE owed a duty "to protect the credibility of the ownership and control of its common stock."  (Docket No. 26, ¶ 137.)  But again, Plaintiffs cite no authority for the proposition that GEE, as a publicly held, NYSE-MKT listed company, has any duty to "protect the credibility of the ownership and control of its common stock."  If anything, the case law referenced by GEE, though dated and not binding here, suggests that the purchase, sale, transfer, or exchange of GEE common stock is something entirely out of GEE's control.  *See Lowell Wiper Supply Co. v. Helen Shop, Inc.*, 362 S.W.2d 787 (Tenn. 1962); *Carlson v. Ringgold Cnty. Mut. Tel. Co.*, 108 N.W.2d 478 (Iowa 1961).

(Docket No. 33, at 25-26 (all emphases in original).)  Plaintiffs then state that "[GEE] should be removed once this litigation ferrets them out through discovery and deposition testimony of those who know what happened . . . ."  (Docket No. 33, at 26.) But, much as GEE argues, where no claim will lie against a party, it is neither necessary nor permitted to name that party as a defendant merely for purposes of discovery.  *See* Fed. R. Civ. P. 19(a)(1); 20.  By acknowledging that they named GEE as a defendant for this purpose and stating that GEE should be dismissed from this action after discovery, Plaintiffs effectively concede that they have no viable cause of action against GEE.

For these reasons, the Court finds that Plaintiffs have failed to state a plausible claim for relief against GEE and, thus, dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate.

CONCLUSION

Having considered the parties' respective arguments, and being otherwise sufficiently advised, for the reasons set forth above;

IT IS HEREBY ORDERED that General Employment Enterprises, Inc.'s Motion to Dismiss, (Docket No. 29), is GRANTED, and Count X of Plaintiffs' Amended Complaint against this Defendant is DISMISSED with prejudice.

IT IS SO ORDERED.

Date:


cc:      Counsel