UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:12-CV-00850

DERBY CAPITAL, LLC, *et al.*                                          Plaintiffs

v.

TRINITY HR SERVICES, LLC, *et al.*                              Defendants

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon the Plaintiffs' "Motion, Pursuant to Fed. R. Civ. Proc. 59 et seq. Requesting the Court's Reconsideration of Its Opinion/Order Dated June 7, 2013, DKT. #43" (hereinafter "Motion for Reconsideration"). (Docket No. 46.) Defendants LEED HR, LLC, and Michael K. Schroering (collectively, the "Schroering Defendants") have responded, (Docket No. 52), as have Defendants Trinity HR Services, LLC ("Trinity/Delaware"), Trinity HR, LLC, Judson Wagenseller, Brandon Simmons, and Tiffany Simmons (collectively, the "Wagenseller Defendants"), (Docket No. 48). Plaintiffs have filed a separate Reply to the Wagenseller Defendants, (Docket No. 50), and to the Schroering Defendants, (Docket No. 56). This matter is now ripe for adjudication. For the reasons that follow, Plaintiffs' Motion for Reconsideration will be DENIED.

BACKGROUND

Plaintiffs initially filed this action on December 21, 2012, (*see* Docket No. 1), and thereafter filed a "First Amended and Verified Complaint" (Amended Complaint) on February 12, 2012, (*see* Docket No. 26). In their Amended Complaint, Plaintiffs

alleged a total of ten counts against various combinations of the Wagenseller and Schroering Defendants, as well as against General Employment Enterprises, Inc. (GEE), and the United States Securities and Exchange Commission (SEC). The relevant background relative to Plaintiffs' various claims has been recited previously in the Court's Opinions at Docket Nos. 40, 42, and 43; in the interest of brevity, it will not be repeated again here.

In separately entered Opinions, the Court previously granted GEE's and the SEC's respective motions to dismiss, thereby dismissing those Defendants from this action. (*See* Docket Nos. 40 & 42.) Those Opinions are not the subject the Plaintiffs' instant Motion for Reconsideration.

Thereafter, by Memorandum Opinion and Order of June 7, 2013, the Court granted the Schroering Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Docket No. 43, at 55.) By that same Order, the Court granted in part and denied in part the Wagenseller Defendants' Motion to Dismiss, thereby dismissing all of the Plaintiffs' claims against these Defendants with the exception of their breach-of-contract claims (Counts I & II of their Amended Complaint) against Defendant Trinity/Delaware. (Docket No. 43, at 55.) In its 55-page Opinion, the Court thoroughly analyzed each of Plaintiffs' nine remaining claims, discussing at length whether each claim failed to state a viable claim for relief under Federal Rules of Civil Procedure 9(b) and 12(b)(6). Again, in the interest of brevity, that analysis will not be repeated here and, instead, is incorporated by reference herein. (Docket No. 43.) Plaintiffs now move the Court, pursuant to Federal Rule of Civil Procedure 59, to reconsider that Opinion. (Docket No. 46.)

STANDARD

"District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008). "A district court may modify, or even rescind, such interlocutory orders." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991). Although the Federal Rules of Civil Procedure do not provide expressly for "motions for reconsideration," courts generally construe such motions as motions to alter or amend a judgment under Rule 59(e). *E.g.*, *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F. 2d 201, 206 (6th Cir. 1990); *Taylor v. Colo. State Univ.*, 2013 WL 1563233, at *8-9 (W.D. Ky. Apr. 12, 2013).

The Sixth Circuit has consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *see Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues," *White v. Hitachi, Ltd.*, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation omitted). "It is not the function of a motion to reconsider arguments already considered and rejected by the court." *Id.* (citation omitted). As another district court in this Circuit put it, "Where a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit." *Hitachi Med. Sys. Am., Inc. v. Branch*, 2010 WL 2836788, at *1 (N.D. Ohio July 20, 2010) (internal quotation marks and citations omitted). Accordingly, the Sixth Circuit instructs that a motion for reconsideration should only be granted on four grounds: "Under Rule 59, a court may alter or amend a judgment based on: '(1) a clear error of law; (2) newly

discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Furthermore, because there is an interest in the finality of a decision, this Court and other district courts have held that "[s]uch motions are extraordinary and sparingly granted." *Marshall v. Johnson*, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)); *accord Rottmund v. Cont'l Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

## DISCUSSION

Despite bringing their instant Motion for Reconsideration pursuant to Rule 59, Plaintiffs at no point either mention or discuss the applicable standard for relief under that Rule. They make no attempt to argue that the relief they seek is warranted because of "a clear error of law," "newly discovered evidence," "an intervening change in controlling law," or "a need to prevent manifest injustice." *See Leisure Caviar, LLC*, 616 F.3d at 615. Instead, Plaintiffs merely present their original arguments against dismissal anew, often referring to their original responses in support of their arguments here. For this reason alone, Plaintiffs' Motion for Reconsideration must be DENIED.

The gist of Plaintiffs' arguments can be fairly characterized as arguing that the Court's June 7, 2013, Opinion was wrongly decided. As noted above, "[w]here a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit," *Hitachi Med. Sys.*, 2010 WL 2836788, at *1, and, under the well-settled law of this Circuit, a Rule 59 motion

should not be used either to reargue a case on the merits or to reargue issues already presented, *see Whitehead*, 301 F. App'x at 489 (citing *Sault Ste. Marie Tribe of Chippewa Indians*, 146 F.3d at 374), or otherwise to "merely restyle or rehash the initial issues," *White*, 2008 WL 782565, at *1 (internal quotation marks and citation omitted). Quite simply, "[i]t is not the function of a motion to reconsider arguments already considered and rejected by the court." *Id.* (citation omitted). Accordingly, the Court declines to rescind its prior decision because Plaintiffs feel it was wrongly decided.

Furthermore, even assuming Plaintiffs had stated their argument in terms of the appropriate grounds for relief under Rule 59, they still would not be entitled to the relief they seek. An overarching theme of Plaintiffs' Motion for Reconsideration is that the Court failed to presume the factual allegations of their Amended Complaint as true and improperly resolved factual ambiguities in the Defendants' favor. Certainly, as the Court previously acknowledged, when considering a Rule 12(b)(6) motion to dismiss, the court will presume that all the factual allegations in the complaint are true and will draw all reasonable inferences in favor of the nonmoving party. *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). And, where a plaintiff alleges fraud, he must "state with particularity the circumstances constituting fraud or mistake," Fed. R. Civ. P. 9(b), which the Sixth Circuit interprets "as requiring plaintiffs to 'allege the time, place, and content of the alleged misrepresentation on which he or she relies; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from

the fraud.'" *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003) (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 161–62 (6th Cir. 1993)).  In reaching its June 7 decision, the Court followed and applied these principles.  It is the Plaintiffs' position that the Court did not; however, such an argument is one to make on appeal, not in the instant motion.

In sum, Plaintiffs make no attempt to establish "a clear error of law," "newly discovered evidence," "an intervening change in controlling law," or "a need to prevent manifest injustice"—in fact, their 42-page Motion is devoid of those four terms altogether.  Accordingly, the Court is satisfied that its prior analysis and conclusions remain proper and, therefore, will DENY Plaintiffs' Motion for Reconsideration.

## CONCLUSION

Having considered Plaintiffs' Motion for Reconsideration and being otherwise sufficiently advised, for the foregoing reasons;

IT IS HEREBY ORDERED that Plaintiffs' Motion for Reconsideration, (Docket No. 46), is DENIED.

IT IS SO ORDERED.

Date:


cc: Counsel