UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:12-CV-00850

DERBY CAPITAL, LLC, *et al.*                                                  Plaintiffs

v.

TRINITY HR SERVICES, LLC, *et al.*                                 Defendants

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant Trinity HR Services, LLC's (Trinity/Delaware) "Motion to Decline Supplemental Jurisdiction." (Docket No. 47.) Plaintiffs Derby Capital, LLC (Derby Capital), and Derby Capital JOB, LLC (Derby JOB) (collectively "Plaintiffs"), have responded, (Docket No. 49), and Trinity/Delaware has replied, (Docket No. 57). For the reasons that follow, Trinity/Delaware's Motion will be GRANTED, and Plaintiffs remaining claims will be DISMISSED without prejudice.

BACKGROUND

Plaintiffs initially filed this action in this Court on December 21, 2012, (*see* Docket No. 1), and thereafter filed a "First Amended and Verified Complaint" (Amended Complaint) on February 12, 2012, (*see* Docket No. 26). In their ten-count Amended Complaint, Plaintiffs alleged a total of nine counts against various combinations of Defendants LEED HR, LLC, and Michael K. Schroering (collectively, the "Schroering Defendants"), and Defendants Trinity/Delaware, Trinity HR, LLC, Judson Wagenseller, Brandon Simmons, and Tiffany Simmons (collectively, the

"Wagenseller Defendants"). Plaintiffs also alleged a claim in Count X against General Employment Enterprises, Inc. (GEE), and an unnumbered claim against the United States Securities and Exchange Commission (SEC). A more thorough background summary of Plaintiffs' various claims has been recited previously in the Court's Opinions at Docket Nos. 40, 42, and 43; in the interest of brevity, it will not be repeated again here.

In separately entered Opinions, the Court previously granted GEE's and the SEC's respective motions to dismiss, thereby dismissing those Defendants from this action. (*See* Docket Nos. 40 & 42.) Thereafter, by Memorandum Opinion and Order of June 7, 2013, the Court granted the Schroering Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Docket No. 43, at 55.) By that same Order, the Court granted in part and denied in part the Wagenseller Defendants' Motion to Dismiss, thereby dismissing all of the Plaintiffs' claims against these Defendants with the exception of their state law breach-of-contract claims (Counts I & II of their Amended Complaint) against Trinity/Delaware. (Docket No. 43, at 55.) Plaintiffs moved for reconsideration of the Court's June 7 Opinion, (Docket No. 46), and the Court denied that motion. Thus, at present, Plaintiffs are proceeding on two breach-of-contract claims under Kentucky law against Defendant Trinity/Delaware.

In their Amended Complaint, Plaintiffs claimed federal question jurisdiction under 28 U.S.C. § 1331 based on their RICO and federal securities fraud claims in Counts VIII & IX. (Docket No. 26, at 15.) Plaintiffs also claimed supplemental jurisdiction over their state law claims pursuant to 28 U.S.C. 1367(a). (Docket No. 26, at 15.) Finally, Plaintiffs asserted that "[p]ursuant to 28 U.S.C. §1332, there is diversity

of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs." (Docket No. 26, at 15.)

Regarding the remaining parties to this action, Plaintiffs' Amended Complaint identified the two Plaintiff parties, Derby Capital and Derby JOB, as Kentucky limited liability companies both having their principal place of business in Louisville, Kentucky. (Docket No. 26, at 6-7.) Plaintiffs identified Trinity/Delaware as a Delaware limited liability company also having its principal place of business in Louisville, Kentucky. (Docket No. 26, at 7.) Plaintiffs averred the Defendants Brandon Simmons and Tiffany Simmons were the comanagers of Trinity/Delaware and that both Mr. and Mrs. Simmons were residents of Kentucky. (Docket No. 26, at 7-8.)

Trinity/Delaware now moves the Court, pursuant to Fed. R. Civ. P. 12(b)(1) and 28 U.S.C. § 1367(c), to decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.

STANDARD

United States District Courts have original federal question jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. District Courts also have original diversity jurisdiction over actions where the amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. *Id.* § 1332(a)(1). In order to enjoy diversity jurisdiction under § 1332, there must be complete diversity among the plaintiffs and defendants—that is, "no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). Citizenship, for purposes of diversity, is determined by a person's domicile. *E.g.*,

*Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir. 1968); *Wilson v. PBI Bank, Inc.*, 2011 WL 1376709, at *2 (W.D. Ky. April 12, 2011). The citizenship of limited liability companies is determined by the citizenship of their members, which means "a limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

In addition to federal question and diversity jurisdiction, district courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Thus, a district court is granted jurisdiction to hear causes of action arising under state law so long as those claims "form part of the same case or controversy" giving rise to the court's federal question jurisdiction. Although district courts are granted supplemental jurisdiction under § 1367(a), they may, in their discretion, decline to exercise that jurisdiction for the reasons listed in § 1367(c). Specifically, a district court may decline jurisdiction over a supplemental state law claim where the court "has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c)(3). The Sixth Circuit instructs that "generally, 'if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.'" *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993) (quoting *Taylor v. First of Am. Bank–Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992)). When deciding whether to decline jurisdiction under § 1367(c)(3), a district court must weigh several factors and "should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Id.* (citing *Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir. 1991)). If a

district court declines jurisdiction over a supplemental state law claim, it must dismiss the case if it was originally brought as a federal action.

DISCUSSION

In the instant case, the Court has dismissed Plaintiffs' claims giving rise to federal question jurisdiction. Furthermore, it is clear to the Court that diversity does not exist among the parties. The two members of Trinity/Delaware, Brandon and Tiffany Simmons, are both citizens of Kentucky. Trinity/Delaware offers evidence that at least four of the Plaintiff LLCs' members are also citizens of Kentucky, (Docket No. 47-1), a point which Plaintiffs do not contest in their Response, (*see* Docket No. 49). In fact, Plaintiffs' entire Response is devoted to convincing the Court why it should exercise its discretionary supplemental jurisdiction over Plaintiffs' remaining breach-of-contract claims. (*See* Docket No. 49.) The Court declines Plaintiffs' invitation to do so. It is very early in this case. No discovery has been conducted, this matter is just now past the motion to dismiss stage, and there has not been a substantial expenditure of time or resources into developing the remaining state law claims. Because Plaintiffs' federal causes of action have been dismissed, and because the Court finds it lacks diversity jurisdiction over the parties, pursuant to 28 U.S.C. § 1367(c)(3) the Court will decline to exercise supplemental jurisdiction over the remaining state law claims and dismiss those claims without prejudice. To do otherwise would cause this Court to needlessly decide Kentucky state law issues best reserved for Kentucky courts.

CONCLUSION

Having considered the parties' respective arguments and being otherwise sufficiently advised, for the foregoing reasons;

IT IS HEREBY ORDERED that Defendant Trinity/Delaware's "Motion to Decline Supplemental Jurisdiction," (Docket No. 47), is GRANTED. Pursuant to 28 U.S.C. § 1367(c), the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining breach-of-contract claims in Counts I & II of their Amended Complaint, and those claims are DISMISSED without prejudice.

IT IS SO ORDERED.

Date:


cc: Counsel